UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


DONELLE N. GUILLOT                            CIVIL ACTION

VERSUS                                        NO: 10-1447

MICHAEL J. ASTRUE, SOCIAL                     SECTION: R(5)
SECURITY ADMINISTRATION
COMMISSIONER


**ORDER AND REASONS**

The Court, having reviewed *de novo* the complaint,[1] plaintiff's motion for summary judgment,[2] defendant's cross-motion for summary judgment,[3] the record,[4] the applicable law, the Magistrate Judge's Report and Recommendation,[5] and Donelle Guillot's objections thereto,[6] hereby approves the Magistrate Judge's Report.

Plaintiff asserts three objections to the Magistrate's Report. First, she argues that the ALJ failed to fully and fairly develop the record. Second, she contends that substantial evidence does not support the ALJ's finding that plaintiff does

---

[1]   R. Doc. 1.

[2]   R. Doc. 16.

[3]   R. Doc. 18.

[4]   R. Doc. 11.

[5]   R. Doc. 21

[6]   R. Doc. 22.

not medically equal Listing 5.06.  Finally, Guillot faults the ALJ's finding of medical improvement and asserts that the ALJ did not demonstrate any medical improvement is related to plaintiff's ability to work.

**I. Record Development**

The ALJ must fully and fairly develop the facts relating to a claim before making a disability determination.  *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000).  This duty is heightened where the plaintiff is *pro se*.  *Castillo v. Barnhart*, 325 F.3d 550, 553 (5th Cir. 2003).  In disability review cases, the agency is required to "develop a complete medical history covering at least the 12 months preceding the date [the claimant] sign[s] a report about [her] continuing disability status."  20 C.F.R. § 404.1593(b).  The Regulations state that the agency "will make every reasonable effort to help [the claimant] in getting medical reports...from [her] physician".  *Id.*  "Every reasonable effort" means that the ALJ "make[s] an initial request for evidence from [the] medical source and, at any time between 10 and 20 calendar days after the initial request, if the evidence has not been received, [the ALJ must] make one followup request to obtain the medical evidence necessary to make a determination."  20 C.F.R. § 404.1512(d).

In her objections to the Magistrate Judge's Report, Guillot argues that the ALJ did not meet her duty to develop the record

under Section 404.1512(d) because she failed to send a follow-up request for additional records from Dr. Brenner.  Contrary to plaintiff's assertion, there was no error in the Magistrate Judge's determination that the ALJ did not fail in this duty.  The ALJ sent an initial request for updated medical records (concerning the period beginning on July 21, 2007) from Dr. Brenner's office on October 27, 2008.[7]  At the conclusion of the hearing in front of the ALJ on November 20, 2007, plaintiff signed a second authorization form to enable the ALJ to obtain Guillot's these records from Dr. Brenner.  The ALJ sent a second request for the additional medical records on November 28, 2008.[8]  Dr. Brenner's office did not respond to the requested records.  On February 2, 2009, the ALJ issued her decision.  The ALJ made an initial and a follow-up request for plaintiff's most recent medical records thereby satisfying the "every reasonable effort" requirement as articulated in Section 404.1512(d).  Accordingly, the Magistrate Judge properly determined that the ALJ satisfied her duty to develop the record.

## II. Medical Equivalence

Guillot also argues that substantial evidence does not support the ALJ's finding that plaintiff does not medically equal Listing 5.06.  Guillot argues that the ALJ failed to elicit

---

[7]   R. Doc. 11 at 380.

[8]   *Id.* at 456.

testimony regarding the determination of medical equivalence from a medical expert and failed to consider the combination of plaintiff's Crohn's disease and psoriatic arthritis.

To have a continuing disability, the claimant's impairments or combination of impairments must meet or equal the severity of an impairment listed in Appendix I.  20 C.F.R. § 404.1594(f); *Griego v. Sullivan*, 940 F.2d 942, 944 (5th Cir. 1991).  Under SSR 96-6, an ALJ must obtain an updated medical opinion from a medical expert in two circumstances: (1) when no additional medical evidence is received, but in the opinion of the ALJ the symptoms, signs, and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable; or (2) when additional medical evidence is received that in the opinion of the ALJ may change the agency medical or psychological consultant's finding that the impairment is not equivalent in severity to any impairment in the Listing of Impairments.  SSR 96-6p.  An updated medical opinion is not required, as plaintiff suggests, whenever a claimant contests a finding of non-equivalence.  Rather, under the plain letter of the Regulations, an updated medical opinion need only be obtained when the ALJ believes a finding of equivalence may be reasonable or the ALJ believes that additional evidence may change the finding of non-equivalence.  SSR 96-6p; *see Copenhaver v. Astrue*, 2011 WL 891617, at *10 (W.D. Tex. 2011).

Here, the ALJ determined that the medical evidence established that plaintiff's impairments included Crohn's disease, psoriasis, and psoriatic arthritis. The ALJ further found that "[t]he current medical evidence does not show that any impairment or combination of impairments meets or equals the criteria of any impairment set forth in the Listing of Impairments."[9] As detailed in the ALJ's opinion and the Magistrate's Report, there is substantial evidence to support this conclusion. The ALJ found that plaintiff did not suffer from two of the six enumerated symptoms required to satisfy Listing 5.06B. Further, the ALJ considered the limitations caused by plaintiff's psoriasis and psoriatic arthritis. The ALJ credited Dr. Applewhite's finding that plaintiff's psoriasis did not result in significant impairment and his finding that plaintiff's psoriatic arthritis did not cause acute distress. The ALJ determined that plaintiff's alleged level of pain and limitation were inconsistent with her delay in resuming treatment for psoriatic arthritis. *See Griego v. Sullivan*, 940 F.2d 942, 944-45 (5th Cir. 1991)(finding that it was within the ALJ's discretion to discount claimant's complaints of pain based on medical reports combined with her daily activities and her decision to forego certain medications).

---

[9] R. Doc. 11 at 25.

For a claimant to qualify for benefits by showing that her unlisted impairment, or combination of impairments, is equivalent to a listed impairment, she must present medical findings equal in severity to all the criteria for the one most similar listed impairment. *Id.* at 531 (emphasis in original) (citing 20 C.F.R. § 416.926(a)).  A claimant's disability is equivalent to a listed impairment if the medical findings are at least equal in severity and duration to the listed findings.  *See* 20 C.F.R. § 416.926(a). The applicable regulation further provides:

(1) (i) If you have an impairment that is described in the Listing of Impairments in Appendix 1 of Subpart P of this chapter, but-
    (A) You do not exhibit one or more of the medical findings specified in the particular listing, or
    (B) You exhibit all of the medical findings, but one or more of the findings is not as severe as specified in the listing;
(ii) We will nevertheless find that your impairment is medically equivalent to that listing if you have other medical findings related to your impairment that are at least of equal medical significance.

*Id.*  Nonetheless, "[a] claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of her unlisted impairment or combination of impairments is as severe as that of a listed impairment." *Sullivan v. Zelby*, 493 U.S. 521, 531 (1991).  The claimant has to fulfill the criteria for whichever single listing her condition most resembled. *Id.* at 531-32.  Ultimately, the question of

equivalence is an issue reserved for the Commissioner. *See Knepp v. Apfel*, 204 F.3d 78, 85 (3d Cir. 2000). Here, after consideration of all of plaintiff's impairments, the ALJ found that plaintiff did not meet the listing criteria for Section 5.06, the single listing her condition most resembled. Substantial evidence supported the ALJ's finding that plaintiff did not meet or equal Listing 5.06.

### III. Medical Improvement

Guillot next argues that the ALJ's finding of medical improvement was not supported by substantial evidence, and that the ALJ failed to establish that any improvement was related to plaintiff's ability to work. Specifically, plaintiff argues that the ALJ and the Magistrate Judge placed too much emphasis on the decrease in frequency of plaintiff's diarrhea.

The Magistrate Judge's report discusses the evidence of medical improvement at great length. Contrary to plaintiff's assertion, the ALJ relied on a number of factors, and not the frequency of diarrhea alone, in reaching her decision finding medical improvement. It is the duty of the Commissioner and not this Court to weigh the evidence presented in a claim for disability benefits. *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984)("The Court may not reweigh the evidence or try the issues de novo or substitute its judgment for that of the [Commissioner]."). A finding of no substantial evidence is

7

appropriate only if no credible evidentiary choices or medical findings support the decision. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Hames v. Heckler*, 707 F.2d 162, 166 (5th Cir. 1983). The Court finds that substantial evidence supported the Commissioner's finding of medical improvement.

The Regulations specifically state that when the claimant's impairment at the time of the most recent favorable decision was based on meeting the severity of an impairment in Appendix I and there is a finding of medical improvement, "then the medical improvement is related to [the claimant's] ability to work." 20 C.F.R. § 404.1594(c)(3)(i). That is the case here. The ALJ determined that plaintiff would not face the same impediments to full-time work that were present at the time of the initial determination of disability. The ALJ explained that the prior determination was based on findings of multiple daily bowel movements and pain which precluded any full-time work. In contrast, "the current medical evidence does not indicate any daily or frequent symptoms."[10] The ALJ then assessed plaintiff's residual functional capacity, and found that the weight of the credible evidence indicated that she could perform a limited range of light work. Relying on the testimony of the vocational

---

[10] R. Doc. 11 at 24

expert, the ALJ concluded that plaintiff was able to perform her past relevant work. The Court finds that substantial evidence supported the finding that plaintiff's medical improvement related to her ability to work.

Accordingly,

Plaintiff's motion for summary judgment is DENIED, defendant's motion for summary judgment is GRANTED, and Guillot's petition for review of the final decision of the Commissioner of the Social Security Administration is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 8th day of September, 2011.

_____*Sarah Vance*_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE